IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOANNE GLENN, ET AL.** | § § | **PLAINTIFFS** |
| v. | § § | Civil No. 1:12CV227HSO-RHW |
| **IMPERIAL PALACE OF MISSISSIPPI, LLC, ET AL.** | § § § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

BEFORE THE COURT is a Motion to Dismiss [15] Plaintiffs' First Amended Complaint filed September 17, 2012, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Imperial Palace of Mississippi, LLC, IP Holdings, Inc., Engelstad Family Foundation, and Boyd Gaming Corporation. Plaintiffs have filed a Response [29] in Opposition and Defendants have filed a Reply [35]. After consideration of the parties' submissions, the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion should be denied.

I. FACTS AND PROCEDURAL HISTORY

On August 6, 2009, Joanne Glenn and her sons Christopher and Bryan Glenn checked into the Imperial Palace Casino Resort and Spa ["IP"]. Later that morning, the three visited a law office where Bryan executed a legal settlement release and received a check for approximately $15,000.00. Am. Compl. [4] ¶¶ 32-36, at p. 9. According to the First Amended Complaint, Bryan had previously suffered a traumatic brain injury and severe physical and psychological injuries as

-1-

a result of a four-wheeler accident. Joanne and her two sons, along with Pam Roger-Seamster, a family friend, had breakfast after the meeting and then returned to the IP at approximately 10:30 a.m. *Id*. at p. 10. Bryan began playing black-jack. *Id*.

Plaintiffs contend that Bryan was served two cocktails at a time throughout the day while he continued to gamble. The First Amended Complaint alleges that Joanne, Chris, and Pam continually and repeatedly pleaded with IP Casino staff to stop serving Bryan alcohol:

> Between 5:30 and 6:30 p.m. the IP Casino continued to serve Bryan free drinks, two at a time. Almost as soon as Bryan would finish the two drinks, the Casino would have two more at the table for him. During this hour, Bryan twice fell out of his chair to the floor. The second time, Bryan knocked the lady sitting next to him out of her chair. The Casino did nothing.

*Id.* , ¶47, at p. 11.

According to Plaintiffs, it was not until 10:00 p.m. that evening when the gaming area staff stopped serving Bryan alcohol. *Id*. at p. 15. However, Bryan then entered the IP Chill Lounge, located inside the casino, where he presumably ordered and was served a number of alcoholic drinks. The First Amended Complaint states that the bartender who served Bryan stated that "he's already had three drinks and he's only been in here 15 minutes, I can see how intoxicated he is and I'm not going to serve him much more." *Id.*, ¶ 70, at p. 16.

According to the First Amended Complaint, approximately two hours later, Joanne, her son Chris, and Pam began looking for Bryan and were told by a

doorman that due to his intoxicated state, security guards had escorted Bryan out of the Chill Lounge and to his room. When Joanne, Chris, and Pam arrived at the room, they discovered Bryan lying on the bathroom floor. Bryan was "pronounced dead at 3:19 a.m. on December 7, 2009," and "the autopsy revealed that he died from alcohol poisoning combined with his medications." Am. Compl. [4], ¶¶ 76-77, at p. 17.

On July 25, 2012, Daniel Glenn and Joanne Glenn, in her capacity as Administratrix of the Estate of Christopher Thomas Glenn and Bryan Leen Glenn ["Plaintiffs"], filed a Complaint [1] against Defendants. The First Amended Complaint [4] was also filed on July 25, 2012, asserting the following claims: 1) negligence causing injury and wrongful death; 2) negligent failure to render aid causing injury and wrongful death; 3) negligent infliction of mental distress by the Estate of Christopher Thomas Glenn; 4) negligent infliction of mental distress by Joanne Glenn; and 5) breach of fiduciary duties. Plaintiffs seek compensatory and punitive damages as well as an accounting, disgorgement, and imposition of a constructive trust. Am. Compl. [4] ¶¶ 83-130 at pp. 19-26. In lieu of Answers, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

A.   Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,

677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement

-4-

to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *See Twombly*, 127 S. Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds)).

B. <u>Analysis</u>

Defendants move to dismiss on the grounds that under Mississippi law "it is abundantly clear that one injured as a result of his own voluntary intoxication has no viable claim against a casino which served him alcohol." Mem. in Support of Mot. to Dismiss [16], at p. 6. In support of their Motion, Defendants rely on the following Mississippi statute:

> (1) The Mississippi Legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
>
> (2) Notwithstanding any other law to the contrary, no holder of an alcoholic beverage, beer or light wine permit, or any agent or employee of such holder, who lawfully sells or serves intoxicating beverages to a person who may lawfully purchase such intoxicating beverages, shall be liable to such person or to any other person or to the estate, or survivors of either, for any injury suffered off the licensed premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.

(3) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage to a person who may lawfully consume such intoxicating beverage shall be liable to such person or to any other person or to the estate, or survivors of either, for any injury suffered off such social host's premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished. No social host who owns, leases or otherwise lawfully occupies a premises on which, in his absence and without his consent, intoxicating beverages are consumed by a person who may lawfully consume such intoxicating beverage shall be liable to such person or to any other person or to the estate, or survivors of either, for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person who consumed the intoxicating beverages.

MISS.CODE ANN.§ 67-3-73 (1)-(3).

Defendants further seek dismissal of Plaintiffs' claims inasmuch as "it is clear from the face of the first amended complaint that Bryan was not *non compos mentis.*" *Id.*, at p. 3.

Section 67-3-73 also contains the following provision:

[t]he limitation of liability provided by this section shall not apply to ... any holder of an alcoholic beverage, beer or light wine permit, or any agent or employee of such holder when it is shown that the person making a purchase of an alcoholic beverage was at the time of such purchase visibly intoxicated.

MISS.CODE ANN. § 67-3-73(4).

The Court, after review of relevant legal authorities and decisions as they pertain to this particular Mississippi statute, concludes that in order for Plaintiffs to plausibly state a claim, among other things they must show that Bryan did not "voluntarily" become intoxicated, *see* MISS.CODE ANN. § 67-3-73(1), and/or that Bryan was "visibly intoxicated" at the time he was served alcoholic beverages, *see* MISS.CODE

ANN. § 67-3-73(4); *see also Estate of White v. Rainbow Casino-Vicksburg P'ship,* 910 So. 2d 713, 717-18 (Miss. Ct. App. 2005).

The Court is of the opinion that Plaintiffs' First Amended Complaint establishes that Bryan voluntarily consumed alcohol throughout the day on December 6, 2009. In addition to the numerous references in the First Amended Complaint to Bryan's alcohol consumption, are allegations that Defendants were aware of and observed Bryan in a state of visible intoxication during the day and evening of December 6, 2009, yet they continued to serve him alcoholic beverages. The Court finds that Plaintiffs have stated sufficient facts in support of their claims for relief to survive a motion to dismiss. *See Finnegan v. Ameristar Casinos, Inc.*, 2008 WL 244340 * 1, (S.D. Miss. Jan. 25, 2008).

The pertinent question for the Rule 12(b)(6) inquiry is whether Plaintiffs have alleged sufficient facts to support the elements of the claims asserted. Because Plaintiffs have satisfactorily pled their claims, Defendants' Motion to Dismiss should be denied.

### III. <u>CONCLUSION</u>

The Court is not persuaded that, at this stage of the proceedings, Defendants have met their FED. R. CIV. P. 12(b)(6) burden. Plaintiffs' claims should not be dismissed. For the foregoing reasons, the Court concludes that Defendants' Motion to Dismiss should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Dismiss filed by Defendants, Imperial Palace of

Mississippi, LLC, IP Holdings, Inc., Engelstad Family Foundation, and Boyd Gaming Corporation [15], pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 15th day of May, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE