IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOANNE GLENN, ET AL.** | § | **PLAINTIFFS** |
| | § | |
| v. | § | Civil No. 1:12CV227HSO-RHW |
| | § | |
| **IMPERIAL PALACE OF MISSISSIPPI,** | § | |
| **LLC, ET AL.** | § | **DEFENDANTS** |

**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND DISMISSING CIVIL ACTION**

BEFORE THE COURT is a Motion for Reconsideration [55] filed May 21, 2013, pursuant to FED. R. CIV. P. 54(b), by Imperial Palace of Mississippi, LLC, IP Holdings, Inc., Engelstad Family Foundation, and Boyd Gaming Corporation ["Defendants"]. Defendants move the Court to reconsider its May 15, 2013, Order [52] denying their Motion to Dismiss [15]. Plaintiffs filed a Response in Opposition [61] on May 24, 2013, and Defendants filed a Reply [67] on June 3, 2013. After consideration of the parties' submissions, the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion should be granted, the Court's Order [52] of May 5, 2013, should be vacated, and the above captioned cause should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

I. DISCUSSION

A.  Legal Standard

"This Court may 'reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *Previto v. Ryobi N. Am., Inc.*, 2011 WL 124254, at

-1-

\*2 (S.D. Miss. Jan. 12, 2011)(quoting *Sivori v. Epps,* No. 2:07cv79, 2008 WL 2509757, at \*1 (S.D. Miss. 2008)(citing *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir.1981)). "Considerable discretion" is provided to the Court "in deciding whether to grant a motion for reconsideration." *Id.* (citing *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993)).

This Court deems its previous Order denying Defendant's Motion to Dismiss as interlocutory, leaving the Court "free to 'reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010)(quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 185 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir.1994)).

B.   Analysis

Defendants move the Court to reconsider its previous Order [52] and dismiss this case based upon the Mississippi Supreme Court's decision in *Bridges ex rel. Bridges v. Park Place Entm't*, 860 So. 2d 811, 816 (Miss. 2003). Mot. for Reconsideration [55], at p. 3. Plaintiffs respond that their claims are viable, are not subject to a Rule 12(b)(6) dismissal, and are not precluded by Mississippi law. Plaintiffs argue a number of factual distinctions they allege have not been considered by the Mississippi Supreme Court, such that a different result is warranted here. Plaintiffs contend that the Court in *Bridges*:

1) failed to address injuries to persons over-served alcohol by a casino,

who is then injured "*on the premises*" a distinction clearly made by MISS. CODE ANN. § 67- 3-73 (1987).
2) failed to address the Mississippi Gaming Regulations prohibiting the service of alcohol to one who is *visibly intoxicated* and the intent of the Mississippi Gaming Commission in passing its regulation.
3) failed to address the effects that gambling has on brain chemistry and the synergistic effects of alcohol and gambling combined.
4) failed to address the liability of a casino that continuously serves alcohol to a person it knew was mentally impaired, could not drink alcohol safely, and was on medications that could not be mixed with alcohol.
5) failed to address the common law claim of reckless service of alcohol.
6) failed to discuss the meaning of the word "voluntary" in this context.

Pls.' Resp. to Mot. for Reconsideration [62] at pp. 4-5 (emphasis in original).

The Mississippi Supreme Court in *Bridges* considered the Dram Shop Act, as codified in Mississippi Code Annotated §67-3-73 (1)-(3), and concluded in part as follows:

> We clearly stated in *Cuevas* that we did not perceive the intent of the Legislature as including adults who voluntarily consume alcohol and then injure themselves in the protected class listed in section 67-1-83. Likewise, we do not perceive the Legislature as having intended to include those same individuals in the same protected class of section 67-3-73. In adopting Miss. Code Ann. § 67-3-73, the Legislature had the opportunity to clearly state whether adults who voluntarily consume alcoholic beverages and then injure themselves as a result of that intoxication were members of the protected class thus enabling them to bring suit against vendors who sold or furnished them the alcoholic beverages. However, the Legislature did not take this opportunity; therefore, this Court's holding in *Cuevas* clearly applies to the present case.

*Bridges ex rel. Bridges v. Park Place Entm't*, 860 So. 2d 811, 816 (Miss. 2003)(citing *Cuevas v. Royal D'Iberville Hotel,* 498 So. 2d 346 (Miss. 1986)).

In *Cuevas*, the plaintiff/appellant there contended that "she was visibly intoxicated; that she was served alcoholic beverages in the lounge; that her inebriated

condition caused or contributed to the fall and injuries; and that appellee was negligent and liable because of violating § 67-1-83(1)." *Cuevas,* 498 So. 2d at 347. The Supreme Court in considering the potential liability of the defendant held that:

> . . . the public, e.g., a third-party class whether minor or adult, is protected under the statute from the negligent acts of an intoxicated person, and has a claim against a person or business furnishing alcoholic beverages in violation of the statute. However, we do not think the legislature intended to impose liability upon a dispenser of intoxicants to an adult individual, such as appellant here, who voluntarily consumes intoxicants and then, by reason of his inebriated condition, injures himself.2 We further hold that such a person as appellant is excluded from the protected class as articulated in *Munford, Inc. v. Peterson, supra.*

*Id.,* at 348-49 (footnotes omitted)(citing *Munford, Inc. v. Peterson*, 368 So. 2d 213 (Miss. 1979)).

As noted in the Court's previous Order [52], the well pleaded facts in the present case reflect that on December 6, 2009, Bryan Glenn voluntarily consumed alcohol for an extensive period of time, perhaps as many as twelve hours, while he was an invitee at the IP Casino. The Court has reviewed and further considered the allegations contained in the Complaint, including the decedent's family members' attempts to stop Bryan from consuming additional alcohol, and their pleas with IP employees to stop serving him. Notwithstanding the foregoing allegations, this Court must adhere to the Mississippi Supreme Court's interpretations of § 67-3-73. Having done so, the Court is persuaded that its original decision to deny Defendant's Motion to Dismiss must be vacated. The Mississippi Supreme Court has made it clear that "the Legislature did not intend to include adults who voluntarily become intoxicated and subsequently injure

themselves as a result of that intoxication as members of the protected class within MISS. CODE ANN. § 67-3-73." *Bridges*, 860 So. 2d at 818.

Regardless of the factual distinctions argued by Plaintiffs or the language of those portions of the statute upon which Plaintiffs rely, the decisions of the highest state court as they pertain to this particular statute lead to the conclusion that Plaintiffs are barred from recovery. The Court's original Order [52] should be vacated, Defendants' Motion should be granted, and this civil action must be dismissed. *See* MISS. CODE ANN. § 67-3-73(1); *see also Estate of White v. Rainbow Casino-Vicksburg P'ship,* 910 So. 2d 713, 717-18 (Miss. Ct. App. 2005).

## II. CONCLUSION

The facts of this case are unfortunate. However, the Court has considered the arguments and evidence advanced in support of and in opposition to Defendants' Motion for Reconsideration and is of the view that Defendants have demonstrated sufficient grounds justifying the relief they seek. Based upon the record, the parties' submissions, and relevant legal authorities, and for the foregoing reasons, Defendants' Motion should be granted, the Court's Order [52] entered on May 15, 2013, should be vacated, and the above captioned case should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion for Reconsideration of Order Denying Motion to Dismiss filed by Defendants, Imperial Palace of Mississippi, LLC, IP Holdings, Inc., Engelstad Family Foundation, and Boyd Gaming Corporation [55], pursuant to

FED. R. CIV. P. 59, is **GRANTED**, the Court's Order [52] entered on May 15, 2013, is **VACATED**, and this civil action is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 12(b)(6).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending Motions are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 12th day of July, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE